# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUYFIGURE.COM., INC. and DAVID W. KERN, : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> R.M. HOLLENSHEAD AUTO SALES & : <br> LEASING, INC., et al., : <br> Defendants. : | CIVIL ACTION <br><br> No. 07-4680 |

## MEMORANDUM OPINION

**Goldberg, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**December 20, 2010**

In this trademark infringement case, Plaintiffs, Buyfigure.com, Inc. and David Kern, seek to enjoin Defendants, R.M. Hollenshead Auto Sales & Leasing, Inc., Ebuyfigure.com, Inc., Robert M. Hollenshead, and Ronald S. Cureton, II, from using the domain name "buyfigure.com." Plaintiffs' complaint alleges trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a).

Before the Court is Defendants' motion for summary judgement and Plaintiffs' motion to amend the complaint. For the reasons set forth below, Defendants' motion will be granted and Plaintiffs' motion will be denied.

**I.　BACKGROUND**

We have construed the following facts in a light most favorable to the non-moving party.

Buyfigure.com, Inc. was formed in March 2000 by Plaintiff David Kern and Defendant Robert M. Hollenshead. The company intended to create an internet application that would allow automobile dealers to submit information online regarding trade-in vehicles. Upon submission, the program would then provide a value for that vehicle and Buyfigure.com, Inc. would guarantee to

purchase the vehicle at that price. This application was intended to provide a method by which Buyfigure.com, Inc. could acquire trade-in vehicles to resell at large auto auctions. (Pls.' Memo., pp. 4-5; Defs.' Memo., p. 2.)

In early 2001, Kern and Hollenshead became the majority shareholders of Buyfigure.com, Inc. At that time, the company was still working on the internet application described above and was seeking capital investment by the Manheim Auto Auction. While working to launch the venture, Kern and Hollenshead were personally funding the company's operations. In May 2001, Kern recommended that the company terminate Defendant Ronald Cureton, an employee who had been running the computer end of the business. As Hollenshead did not want to be involved in this termination, he resigned as CEO and was replaced by Kern. Around the same time, Hollenshead left the company and stopped contributing capital, leaving Kern to operate the company on his own. (Pls.' Memo., p. 6, Defs.' Memo., p. 2.)

In the fall of 2001, Buyfigure.com, Inc. became a licensed dealer at the Manheim Auto Auction and was buying and selling cars through the application previously described. This revenue stream was short lived however, after Manheim Auto Auction barred Buyfigure.com, Inc. from doing further business at the auction. This action was allegely caused in part, by Hollenshead.

From March to May of 2002, Kern operated Buyfigure.com, Inc. at the State Line Auction in New York. The company continued to operate the system in Pennsylvania until 2003, but have not alleged any connection with an auto auction during that time. Plaintiffs contend that the system was utilized in connection with eimport4less.com and Damak Leasing after 2003, but do not provide any details on those business relationships or Buyfigure.com, Inc.'s involvement therein. (Pls.' Memo., pp. 7-8.)

2

Importantly, Plaintiffs admit that Buyfigure.com, Inc. and the website "www.buyfigure.com" have not done any business since September 2003. Similarly, Buyfigure.com, Inc. has not generated any income or revenue since September 2003, and Buyfigure.com, Inc.'s last filed tax return was filed in 2003. Despite these admissions, Plaintiffs allege that Kern attempted to market the concept after 2003. (Pls.' Admissions, ¶¶ 1-4.)

In mid 2005, Hollenshead, with the assistance of Cureton, launched the website "Ebuyfigure.com." "Ebuyfigure.com" provided appraisals of used cars through its website and was buying and selling cars at the Manheim Auto Auction in lanes marked "Ebuyfigure.com." This company became incorporated as a business entity in Pennsylvania on August 13, 2007. "Ebuyfigure.com" subsequently changed its name to "UsedCarInvoice.com" and "QuickQuote.com" and developed relationships with other vehicle trading websites and companies. (Pls.' Memo., pp. 8-9.)

We note that it is undisputed that the mark "buyfigure" was never registered with the United States Patent and Trademark Office and that a trademark application by Buyfigure.com, Inc. for the mark "buyfigure" has been abandoned since June 18, 2003. (Pls.' Admissions, ¶¶ 6-7.)

The complaint in question was filed on November 7, 2007, alleging that the business entity, "Ebuyfigure.com," through Hollenshead and Cureton, infringed on Plaintiffs' trademark in "buyfigure.com." On June 12, 2008, the Honorable Thomas M. Golden dismissed Counts I (RICO), III (Conversion), V (Breach of Contract), and VI (Breach of Fiduciary Duty) as time barred by the applicable statute of limitations. Judge Golden also dismissed Counts IV (Civil Conspiracy) and VII (Punitive Damages) for failure to state a claim upon which relief could be granted. Thus, the only cause of action remaining is Count II under the Lanham Act.

The case was transferred to the undersigned on November 14, 2008. Defendants R.M. Hollenshead Auto Sales & Leasing, Inc., Ebuyfigure.com, Inc., and Hollenshead filed the motion at issue on July 14, 2009. Defendant Cureton joined in the motion without filing a separate brief. While the motion for summary judgment was pending, Plaintiffs filed a motion to amend the complaint on March 10, 2010.

## II. STANDARD OF REVIEW - SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In order to defeat a motion for summary judgment, disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A party moving for summary judgement has the initial burden of supporting its motion with evidence that would be admissible in a trial. Id. If this requirement is satisfied, the burden shifts to the non-moving party to "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). The non-moving party may meet this burden either by submitting evidence that negates an essential element of the moving party's claims, or by demonstrating that the movant's factual evidence is insufficient to establish an essential element of its claims. Celotex, 477 U.S. at 331.

The non-moving party cannot avert summary judgment with speculation or conclusory allegations, such as those found in the pleadings, but rather, must present evidence from which a jury

4

could reasonably find in its favor. Ridgewood Bd. of Edu. v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999). In reviewing a motion for summary judgment, the court "does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion." Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1127 (3d Cir. 1995).

## III. ANALYSIS - TRADEMARK INFRINGEMENT

To prevail on their claim of trademark infringement under the Lanham Act, Plaintiffs must establish that (1) the mark is valid and protectable; (2) they own the mark; and (3) Defendants' use of the mark to identify goods or services is likely to cause confusion. Checkpoint Sys., Inc. v. Check Point Software Techs., Inc., 269 F.3d 270, 279 (3d Cir. 2001).

When a mark is federally registered and has become incontestable, validity, protectability and ownership are proven. Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 291 (3d Cir. 1991) (citing Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 194 (3d Cir. 1990)). Here, Plaintiffs' mark is not federally registered, therefore, the primary issue before the Court is whether Plaintiffs own a valid, legally protectable trademark in "buyfigure.com."

In order for a non-registered trademark to be valid and legally protectable, Plaintiffs must own the alleged trademark. "[T]he first party to adopt a trademark can assert ownership rights, provided it continuously uses it in commerce." Ford, 930 F.2d at 292 (citing Tally-Ho, Inc. v. Coast Cmty. College Dist., 889 F.23d 1018, 1022-23 (11th Cir. 1989))(emphasis added). The statutory definition of "use" is:

> the bonafide use of a mark in the ordinary course of trade, and not made merely to reserve a mark . . . a mark shall be deemed to be in use in commerce . . . on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce.

5

Lucent Info. Mgmt., Inc. v. Lucent Techs., Inc., 186 F.3d 311, 319 (3d Cir. 1999) (quoting 15 U.S.C. § 1127). Courts have found this language to be instructive in common law trademark applications as well. Id. In short, "[I]t is axiomatic that if there is 'no trade-no trademark.'" Id. (quoting La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc., 495 F.2d 1265, 1274 (2d Cir. 1974)).

Here, Plaintiffs' own admissions unequivocally establish that Buyfigure.com, Inc. and the website "www.buyfigure.com" have not been continuously used in commerce since September 2003. Additionally, it is undisputed that Buyfigure.com, Inc. has not generated income or filed taxes since that time. (Pls.' Admissions, ¶¶ 1-4.) These admissions were made by Kern on June 16, 2009, as both an individual party and as Buyfigure.com, Inc.'s representative, and are binding on Plaintiffs. This is the case despite Kern's attempts to contradict the admissions at his deposition. Airco Indus. Gases, Inc. v. Teamsters Health and Welfare Pension Fund, 850 F.2d 1028, 1035-36 (3d Cir. 1988) (matters admitted under FED. R. CIV. P. 36 are conclusively established, especially in light of the advice of counsel at the time of admittance, and summary judgment can be granted based on such admissions). The admissions demonstrate that there is no genuine issue of material fact as to whether Plaintiffs were continuously using "buyfigure.com" in commerce, and therefore, do not own a trademark in "buyfigure.com."

Moreover, even if we were to assume that Plaintiffs have established that they own a valid, legally protectable trademark and that Defendants' use of that mark is likely to cause confusion, the mark was abandoned in 2003. "Nonuse for 3 consecutive years shall be prima facie evidence of abandonment." 15 U.S.C. § 1127. This statutory provision has been applied in principle to common law trademark claims in conjunction with an examination of the "continuous use of the mark in connection with [its] commercial exploitation," and an intent to abandon the mark. Marshak v.

6

Treadwell, 240 F.3d 184, 199 (3d Cir. 2001); see also, Warren Publ'g Co. v. Spurlock, 645 F.Supp.2d 402, 440 (E.D.Pa. 2009). It is the Defendants' burden to prove a prima facie case of abandonment, which once proved, shifts the burden to Plaintiffs to show continuous use in commerce. Marshak, 240 F.3d at 199-200.

Even when construed in a light most favorable to Plaintiffs, their own admissions simply defeat any notion of continuous use given the lack of business operations for the last seven years. (Pls.' Admissions, ¶¶ 1-4.) Therefore, even assuming that Plaintiffs have established a common law right to a protectable trademark, that trademark was abandoned.

## IV. MOTION TO AMEND

Federal Rule of Civil Procedure 15(a)(2) provides that: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Motions to amend pleadings can be denied where such an amendment would be futile. St. Clair v. Citizens Fin. Grp., 340 Fed.Appx. 62, 67 (3d Cir. 2009).

Plaintiffs have now moved to amend their complaint to add an additional defendant, "BuyBookTechnologies, Inc." This company was allegedly started in January 2010 by Hollenshead, so it did not exist at the time the original complaint was filed. (Pls.' Proposed Am. Compl, ¶ 3.) Given that judgment is being granted in favor of Defendants and against Plaintiffs on the trademark infringement claim based on an invalid trademark, or at least an abandoned one, it would be futile to amend the complaint to add an additional defendant. Therefore, Plaintiffs' motion to amend must be denied.

## V. CONCLUSION

The first issue in any trademark infringement case is whether or not the plaintiff has established a valid, legally protectable trademark that it owns. Even where a plaintiff has met that burden, a trademark can be abandoned through non-use. Based on the admissions by Plaintiffs, we find that Plaintiffs did not have a valid, legally protectable trademark in "buyfigure.com." In any event, that trademark was abandoned.

Our order follows.